IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN (JACKSON) DIVISION

**ASHLEY SCHREINER BARR**                                              **PLAINTIFF**

V.                                                                CAUSE NO. 3:22-cv-1-DPJ-FKB

**MISSISSIPPI IRONWORKS, INC.,**
**CARY CRAWLEY, CAMERON POWELL,**
**CHANCE MCCALL, COREY ANDERSON,**
**JOSHUA MAPP, RYAN LAVENDER,**
**GEORGE HAASE, BRIAN FOWLER,**
**KEVIN MARTIN, DIANA COTTON,**
**UNKNOWN ENTITIES and JOHN DOES 1-10**                   **DEFENDANTS**
_____

**COMPLAINT**
_____

JURY TRIAL DEMANDED

COME NOW, the Plaintiff, Ashley Schreiner Barr (hereinafter "Ashley"), by and through counsel, and file this Complaint against Defendant, Mississippi Ironworks, Inc., as well as John Does 1-5 and Unknown Entities 1-5, and for cause would respectfully show as follows:

PARTIES

1.      Plaintiff, Ashley Schreiner Barr, is an adult resident citizen of the State of Florida.

2.      Mississippi Ironworks, Inc. (hereinafter "Mississippi Ironworks"), is an entity incorporated and doing business under the laws of Mississippi with its principal place of business located at 900 MS Hwy. 475, Pearl, Mississippi 39208. Mississippi Ironworks may be served through its registered agent, Cary W. Crawley, at 900 MS Hwy. 475, Pearl, Mississippi 39208. Mississippi Ironworks is an employer within the meaning of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

1

3.	Cary Crawley is the President of Mississippi Ironworks and an adult resident citizen of the state of Mississippi.

4.	Chance McCall is a former or current employee of Mississippi Ironworks and is an adult resident citizen of the state of Mississippi.

5.	Corey Anderson is a former or current employee of Mississippi Ironworks and is an adult resident citizen of the state of Mississippi.

6.	Joshua Mapp is a former or current employee of Mississippi Ironworks and is an adult resident citizen of the state of Mississippi.

7.	Ryan Lavender is a former or current employee of Mississippi Ironworks and is an adult resident citizen of the state of Mississippi.

8.	George Haase is a former or current employee of Mississippi Ironworks and is an adult resident citizen of the state of Mississippi.

9.	Brian Fowler is a former or current employee of Mississippi Ironworks and is an adult resident citizen of the state of Mississippi.

10.	Kevin Martin is a former or current employee of Mississippi Ironworks and is an adult resident citizen of the state of Mississippi.

11.	Diana Cotton is a former or current employee of Mississippi Ironworks and is an adult resident citizen of the state of Mississippi.

12.	Cameron Powell is a former or current employee of Mississippi Ironworks and is an adult resident citizen of the state of Mississippi.

13.	Unknown Entities 1-10 are companies, corporations, or other entities that may be involved in the civil conspiracy as relayed below or who may have liability in this matter but are currently unknown.

14. John Does 1-10 are individuals that may have liability in this matter but are currently unknown. Upon such time as they are duly identified, the Plaintiff will identify by name and join in this action, if necessary, pursuant to the Mississippi Rules of Civil Procedure.

## JURISDICTION AND VENUE

15. This Court has civil rights jurisdiction pursuant to 28 U.S.C. § 1343 and federal question jurisdiction pursuant to 28 U.S.C. §1331 to address a claim arising out of the Civil Rights Act of 1964, as amended by the Civil Rights act of 1991.

16. This Court has subject matter jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. §1367.

17. Venue is properly established before the Court pursuant to 28 U.S.C. 1391 as Plaintiff's claims occurred or accrued in Rankin County, Mississippi, which is in the Southern District of Mississippi, Northern Division.

## EXHAUSTION OF REMEDIES

18. Ms. Schreiner filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC") on May 11, 2021, against Mississippi Ironworks, Inc., regarding the claims made in this action. *See* EEOC Complaint attached hereto as **Exhibit 1**. The EEOC thereafter issued a Right to Sue Letter in this matter on November 16, 2021. *See* Right to Sue Letter attached hereto as **Exhibit 2**.

19. This Court has personal jurisdiction over Mississippi Ironworks because its principal place of business is located in the state of Mississippi and it conducts its business within the state.

20. This Court has personal jurisdiction over the individual defendants as each is a resident of the state of Mississippi.

FACTS

21. Ms. Schreiner has been a licensed professional welder since 2017. Ms. Schreiner began employment as a welder with Mississippi Ironworks, a company that manufacturers various iron-based products, in or around August of 2020. Ms. Schreiner worked for the company as a welder until March 17, 2021, when she was constructively terminated due to sexual harassment. During the hiring process, Ms. Schreiner performed well on an entry test administered by a supervisory welder, Chance McCall. Also during this time, Ms. Schreiner explained to Mr. McCall that her "finishing" skills, a technique involved in welding, were subpar. Mr. McCall assured her it would create no issue with her employment.

22. Mississippi Ironworks assigned Ms. Schreiner to a particular floor of the facility with the other welders, fabricators, and finishers. She was immediately subjected to sexual harassment by her male co-workers. On a near-daily basis, the other welders commented about Ms. Schreiner's appearance, her clothing, and the sexual acts they would like to perform on her.

23. Ms. Schreiner did not remain quiet about this harassment. She reported it to her immediate supervisor, Corey Anderson. However, none of the perpetrators were reprimanded for the inappropriate conduct. Instead, Mr. Anderson gave Ms. Schreiner different projects which required grinding.

24. The following is a non-exhaustive list of the remarks made by employees to Ms. Schreiner over the course of her time at Mississippi Ironworks:

- Asking Ms. Schreiner how much it would cost for a "private show" or a "lap dance."
- Stating Ms. Schreiner was "fine" and whether the worker could "have her."
- Stating "I want to eat your [expletive] so bad. Please let me."

- Requesting to see Ms. Schreiner's breasts on a weekly basis.

- Asking Ms. Schreiner out for drinks.

- Asking Ms. Schreiner to go home with him.

- Stating "I want to have my babies all over your face."

- Asking Ms. Schreiner to go to his home because he would "tear her up."

- Stating he had never been with a white girl before but it was on his bucket list and asking Ms. Schreiner if she would like to fulfill his bucket list.

25. The harassment did not end at verbal remarks. It was also physical at times, with one of the employees even grabbing Ms. Schreiner's buttocks at one point.

26. Other non-sexual gender discrimination occurred as well. Ms. Schreiner was forklift certified. One day, Ms. Schreiner got on a forklift to perform a project. Cameron Powell and Corey Crawley quickly chased her down to tell her she could not drive the forklift because she was not certified. When she presented her certification, Cameron Powell stated that only a man needed to be driving the forklift, and Mr. Anderson agreed. Ms. Schreiner reported this incident to Diana Cotton, who told Ms. Schreiner she needed to "suck it up, take it with a grain of salt, and prove herself."

27. In mid-August 2020, Ms. Schreiner's supervisor, Cary Crawley, re-assigned her to an office supposedly because her grinding work was not sufficient. Ms. Schreiner began working in the office in the middle of September 2020. While there, Ms. Schreiner no longer performed welding work and instead did typical office tasks including working with clients and overseeing projects. She excelled in this position despite it not being the one she desired or the one for which she was hired. Unlike her position as a welder, Ms. Schreiner had no chance to receive overtime pay while working in the office. Moreover, the harassment did not end when Ms. Schreiner was

re-assigned. She was repeatedly harassed about her clothing by the office staff, who made constant statements to the effect of: "Do you know what others wear? Shirts that cover everything, long and loose. We don't want to give the guys in the shop any reason to talk to you."

28.   In order for Ms. Schreiner to have been eligible for a promotion in her new position, she needed to be an on-site project supervisor. However, she was instructed in lewd terms that she would not be allowed to go on-site because she would be "distracting" to the workers and "everyone would want to have sex with her." None of the female employees were allowed to supervise projects off the premises because Carey Crawley state there were "lots of perverts out there."

29.   Having no ability to advance in her position as an office employee, on March 1, 2021, Ms. Schreiner requested she be able to return to the welding floor and continue her work as a welder. On March 14, 2021, she indeed returned to the welding floor but was instructed she had to be "trained" again. She was then forced by the employee training her to carry a long rod across the floor. As a result of maneuvering the rod, she had to bend over and squat, which provided entertainment to the other welders. Despite this harassment, she completed her alleged training and returned to the floor to continue her job as a welder. For the next ten days, she worked on the floor and was subjected to constant lewd and sexual remarks from the other welders.

30.   When she continued to complain to management, the management personnel made it clear they would take no actions to stop the harassment.  Three separate managers or officials of Mississippi Ironworks responded to Ms. Schreiner's reports of sexual harassment at various points. Two of those individuals indicated they were aware of the harassment but that it was not a priority. The third also stated he was aware of the harassment but there was nothing that could be done.

31. On March 17, 2021, another welder once again told Ms. Schreiner about sexual acts he wanted to do to her. She had reached her breaking point and could no longer stand the constant abuse. Feeling she had no other option to protect herself, she left the job site permanently. It proved impossible for Ms. Schreiner to obtain new employment as a welder after her constructive termination from Mississippi Ironworks. As a result, Ms. Schreiner was forced to move out of the state of Mississippi to find work as a welder.

32. Ms. Schreiner filed a Charge of Discrimination with the Equal Employment Opportunities Commission ("EEOC") on May 11, 2021, and received a Right to Sue Letter on November 16, 2021.

## COUNT I – VIOLATION OF TITLE VII – SEX HARASSMENT

33. Ms. Schreiner reasserts and realleges the allegations contained in Paragraphs 1-17 above.

34. The work environment created and maintained by Mississippi Ironworks during Ms. Schreiner's employment was objectively and subjectively offensive.

35. As a result of the sexual harassment and sexually hostile work environment perpetrated by the employees of Mississippi Ironworks, Ms. Schreiner's working conditions were unreasonably and adversely affected and she sustained employer-sanctioned tangible and detrimental employment actions that significantly and adversely changed her employment status.

36. As a direct and proximate cause of Mississippi Ironworks's unlawful conduct, Ms. Schreiner has and will continue to suffer severe emotional and economic injuries, resulting in damages in the form of past and future extreme embarrassment, humiliation, mental anguish and emotional distress; past and future lost wages and benefits; lost job opportunities and pay increases; and other economic and non-economic damages described herein. Ms. Schreiner is

further entitled to all legal and equitable remedies available for violations of the Title VII, including an award of all attorney's fees and costs.

37. Mississippi Ironworks intentionally, willfully and maliciously perpetrated the foregoing unlawful actions, and/or wantonly, and with reckless disregard to Ms. Schreiner's rights to be free from such unlawful conduct. As such, an award of punitive damages is also requested.

38. The harassment Ms. Schreiner complained of was based on her gender as a female.

39. The conduct was severe and pervasive.

40. Ms. Schreiner has been harmed as a result of Mississippi Ironworks's actions and Mississippi Ironworks is liable to Ms. Schreiner for the same.

COUNT II – VIOLATION OF TITLE VII –

SEX DISCRIMINATION—MISSISSIPPI IRONWORKS

41. Ms. Schreiner reasserts and realleges the allegations contained in Paragraphs 1-17 above.

42. Mississippi Ironworks violated Title VII of the Civil Rights Act of 1964 by discriminating against Ms. Schreiner based on her sex. As described herein, Ms. Schreiner was deprived the opportunities in the work field necessary to receive the same promotion and pay opportunities which were granted to her male counterparts.

43. As a result of Mississippi Ironworks's sex discrimination, Ms. Schreiner suffered damages, including but not limited to compensatory, loss of reputation, humiliation, embarrassment, emotional pain and suffering, inconvenience, and mental anguish. Therefore, Ms. Schreiner is entitled to damages, both pecuniary and punitive.

COUNT III – NEGLIGENT RETENTION/SUPERVISION – MISSISSIPPI IRONWORKS

44. Ms. Schreiner reasserts and realleges the allegations contained in Paragraphs 1-17 above.

45. Mississippi Ironworks had a duty to keep its work environment reasonably safe for its employees, including Ms. Schreiner.

46. The officials and agents of Mississippi Ironworks knew or should have known certain employees would subject Ms. Schreiner to harm should the employee(s) be hired and/or retained.

47. Mississippi Ironworks breached its duty to maintain a safe and peaceful work environment for Ms. Shreiner when it continued to retain employees after being informed of those employees' harmful actions.

## COUNT IV – INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS—MISSISSIPPI IRONWORKS

48. Ms. Schreiner reasserts and realleges the allegations contained in Paragraphs 1-17 above.

49. Mississippi Ironworks engaged in, directed, and/or ratified a course of outrageous conduct towards Ms. Schreiner, with the intention to cause or with reckless disregard for the probability of causing Ms. Schreiner to suffer emotional distress. In addition or the alternative, Mississippi Ironworks knew or reasonably should have known that the wrongful actions at issue would and did proximately result in physical and emotional distress to Ms. Schreiner. Mississippi Ironworks had a duty to stop engaging in or ratifying and/or prevent the actions herein, but negligently failed to do so in breach of that duty.

50. As a proximate result of this wrongful conduct, whether intentional or negligent, Ms. Schreiner has suffered and continues to suffer, emotional anguish, mental distress,

humiliation, embarrassment and other emotional and physical damages and seeks a judgment for all actual damages proximately caused by this conduct, and an award of punitive damages.

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS—REMAINING DEFENDANTS

51. The remaining named Defendants engaged in sexual harassment against Ms. Schreiner and in doing so, acted with malicious, intentional, willful, wanton, grossly careless, indifferent or reckless behavior.

52. Based on the Defendants' wrongful behavior, Ms. Schreiner suffered mental and emotional distress.

## DAMAGES

53. Ms. Schreiner seeks the following damages:

   a. Past and future lost wages and benefits, including back pay, fringe benefits, and other economic damages;

   b. Past and future lost promotion and career advancement;

   c. Mental anguish and emotional distress, past and future;

   d. Loss of enjoyment of life, loss of society, harp to personal professional reputation, loss of career fulfillment, pain and suffering, humiliation, and embarrassment;

   e. Actual and compensatory damages;

   f. Incidental and consequential damages;

   g. Attorney's fees and costs;

   h. Punitive damages; and

   i. Other damages described herein and/or to be established.

WHEREFORE, PREMISES CONSIDERED, Ms. Schreiner requests this Court enter judgment in her favor and award her the above-requested damages.

Respectfully submitted, this the 4th day of January, 2022.

By: */s/ Jacob O. Malatesta*
    Jacob O. Malatesta, (MSB #102987)
    Julie B. Mitchell (MSB #10064)


OF COUNSEL:

Jacob O. Malatesta, Esquire
Julie B. Mitchell, Esquire
Hagwood and Tipton, P.C.
Post Office Box 14188
Jackson, Mississippi 39236-4188
Telephone: (601) 608-6300
Facsimile:  (601) 362-3642
Email: jmalatesta@hatlawfirm.com
       jmitchell@hatlawfirm.com